CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 05 2007

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE HUBBARD, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:07-cv-00021 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B. Calton, et al., | ) | By: Hon. Glen E. Conrad |
|     Defendants. | ) | United States District Judge |

This case is presently before the court on plaintiff's motion for preliminary injunction (docket number 32).[1] Plaintiff seeks an order restraining "defendants [and] their wide network of cohorts . . . from any further contact with him." For the reasons that follow, the court will deny plaintiff's motion.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the

---

[1] Plaintiff, an inmate at Wallens Ridge State Prison ("WSRP"), asserts that he has been placed in a segregation pod "with a one [sic] L.T. Kilbourne." According to plaintiff, he filed a grievance concerning Kilborne's threat to place a weapon in plaintiff's cell. Thereafter, plaintiff states, he found a "6' lightning rod" in his cell. In plaintiff's view, Kilborne's "cousine [sic] is the 'top electrician' here at WRSP, so one could easily infer that this is where he obtained such an object." Plaintiff claims that, "[a]s a result of this incident, [he has] been the recipient of countless retaliatory charges — all spiraling from the law-suit I have pending . . . ." Plaintiff states that several officers, none of whom are defendants in the instant lawsuit, have "threatened to assault [him] if [he] came out for a shower." Plaintiff adds that the officers "wrote [him] up for bogus charges" and that he has "found rocks [and] chewing tobacco in [his] 'food.'"

management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff alleges no facts in support of his claims of threats of assault or indicating that any alleged threats on the part of officers at WRSP have been, could be, or would be carried out. Accordingly, the harm plaintiff alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Plaintiff's allegations do not satisfy the "balance of hardships" test. Thus, plaintiff's request for injunctive relief will be denied.[2]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 5th day of July, 2007.

*United States District Judge*

---

[2] Insofar as plaintiff's request for injunctive relief could be construed as including a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.